IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SANDRA JEAN SAMUELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 114-180 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Sandra Jean Samuels appeals the decision of the Acting Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

**I.     BACKGROUND**

Plaintiff protectively applied for DIB and SSI on March 30, 2011, alleging a disability onset date of February 15, 2011. Tr. ("R."), pp. 202, 327-28. Plaintiff was forty-one years old at her alleged disability onset date and was forty-three years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration by the Court. R. 30, 271. Plaintiff completed the ninth grade, having taken special education classes. R. 54. Prior to her

alleged onset date, Plaintiff had amassed a work history dating back to 1996 consisting of jobs as a custodian, head housekeeper, and an assisted living caretaker and dietary aide. R. 330. Plaintiff applied for disability based on allegations of depression, a nerve condition, knee injury, and bi-polar condition. R. 156. At the administrative hearing, Plaintiff alleged disability based on obesity, pain to the left knee, bone spurring on the right heel, status post lymphoma removal from the right foot, chronic pain, swelling in the left knee and right foot, depression, and bipolar disorder. R. 25, 41-42.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 178-79, 214, 225, 229. Plaintiff then requested a hearing before an ALJ, R. 239-43, and the ALJ held a hearing on November 14, 2012. R. 36-66. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Dr. Carey Washington, a Vocational Expert. Id. On January 15, 2013, the ALJ issued an unfavorable decision. R. 17-35.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since February 15, 2011, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe combination of impairments: osteoarthritis, obesity, depression, and anxiety (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she is limited to occasional balancing, stooping, kneeling, crouching, crawling,

> and climbing.[1] In addition, the claimant can perform no detailed or complex tasks but only simple tasks. The claimant is capable of occasionally adapting to change, occasionally making decisions, but must avoid all high production paced work such as assembly lines as well as customer service work or sales. Although claimant would do better in a more solitary work setting, she is able to work in proximity with others. The claimant is capable of performing her past relevant work as a housekeeper, as actually and normally performed because this work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. §§ 404.1565 and 416.965).

R. 22-29.

Because the ALJ determined that Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from February 15, 2011, through January 15, 2013 (the date of the decision). R. 30. When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff generally argues, without benefit of citation of legal authority, that the ALJ's determination of her RFC and resultant ability to perform her past

---

[1]"Light work" is defined as work that involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

3

relevant work is not supported by substantial evidence. See doc. no. 15 ("Pl.'s Br."). The Commissioner maintains that the ALJ's decision is supported by substantial evidence and should therefore be affirmed. See doc. no. 18 ("Comm'r's Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence

and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff's briefing does not comply with the Court's instruction in the briefing order to present "[l]egal argument, supported by specific references to the record and citations of legal authority." Doc. no. 12, p. 2. Rather, Plaintiff's Argument and Citation of Authorities consists of one block quote explaining the concept of substantial evidence, followed by two pages of citations to the ALJ's opinion and select pages of the record she believes show the ALJ misinterpreted the facts. Pl.'s Br., pp. 6-9. Other than her initial block quote concerning substantial evidence, Plaintiff offers not one citation to legal authority to support any of her conclusory assertions that the ALJ erred.

Because Plaintiff's brief does not analyze the legal sufficiency of the administrative decision as delivered by the ALJ and instead simply relies on her own interpretation of select portions of the record, Plaintiff seemingly wants the Court to revisit the issue of disability *de novo*. The law does not allow the Court to do this. A determination as to whether there is substantial evidence in the record to support fact findings in a social security disability case

does not involve reweighing evidence, trying issues *de novo*, or substituting the Court's judgment for that of the Commissioner. However, the Court has been able to divide Plaintiff's comments into two general categories of alleged error: (1) the ALJ did not properly weigh expert opinions in the record; and (2) the ALJ did not properly evaluate Plaintiff's credibility. Neither issue establishes a valid basis for remand.

### A. The ALJ Properly Weighed the Expert Opinions.

Plaintiff acknowledges that the ALJ reviewed the medical records from Plaintiff's treating psychiatrist, Mary Tyson, M.D., but she complains that the ALJ focused on the wrong portion of Dr. Tyson's records and failed to acknowledge her opinion that Plaintiff's "symptoms have prevented her from being able to hold down or sustain employment over the past couple of years." Pl.'s Br., pp. 7, 8 (citing Ex. 13F (R. 486)). Plaintiff also acknowledges that the ALJ referenced the exhibit containing a one-paragraph, open letter from Plaintiff's case manager at American Work, Inc., Pamela Oliphant, but complains that the ALJ did not give the case manager's observations of Plaintiff's mental and physical conditions sufficient weight. Id. at 5-6, 8 (citing Ex. 11F (R. 464)). Plaintiff also asserts that observations of swelling on Plaintiff's right foot during a consultative examination by James Millen, M.D., shows that she is not physically capable of returning to her work as a housekeeper. Id. at 7-8 (citing Ex. 3F (R. 396)).

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight

6

is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding daily activities).

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R §§ 404.1527(c), 416.927(c)). In particular, the Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists. See 20 C.F.R. §§ 404.1527(c)(1)-(2), (5) & 416.927(c)(1)-(2), (5). However, Social Security Ruling ("SSR") 96-6p provides that findings of fact made by state agency medical and psychological consultants regarding the nature and severity of an individual's

7

impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review. SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996). Lastly, under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p, 1996 WL 374183, at *1, 2 (July 2, 1996); see also 20 C.F.R. §§ 404.1527(d) & 416.927(d).

### 1. Dr. Tyson

The ALJ acknowledged and extensively reviewed the records of Plaintiff's treating psychiatrist, Dr. Tyson. R. 25, 26, 27, 28 (citing Exs. 8F, 9F, 11F, and 13F). Plaintiff acknowledges the ALJ's review of Dr. Tyson's records, but, without any legal support, she faults the ALJ for not concluding that the records establish Plaintiff's disability. The Court finds no merit in Plaintiff's position.

For example, the ALJ found that Plaintiff's depression and anxiety were severe impairments at step two of the sequential process, (R. 22), but also discounted claimed functional limitations because Plaintiff had not followed the suggestion of her doctor to attend group therapy sessions and appeared to be able to control her symptoms primarily with medication. R. 25, 26-28. The ALJ also noted that as of August 2012, Plaintiff's thought processes were mildly tangential but could be directed logically, and identified that Plaintiff enjoyed socializing with her daughter and sister. R. 28 (citing R. 347, 351, 486). As to the notation in Dr. Tyson's AXIS IV Assessment that Plaintiff is working with a lawyer on disability, and "[i]t appears that her symptoms have prevented her from being able to hold down or sustain employment over the past couple of years," R. 461, 486, the Commissioner correctly points out that under the regulations, physician opinions on disability, a decision

reserved to the Commissioner, are not entitled to controlling weight. Comm'r's Br., pp. 11-12 (citing 20 C.F.R. §§ 404.1527(c) & 416.927(c)). Moreover, Plaintiff does not identify records from Dr. Tyson, or records that Dr. Tyson might have reviewed covering "the past couple of years," that would provide support for any such sweeping conclusion.

In sum, there is no requirement that an ALJ reference every piece of evidence in the record. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). Where, as here, the ALJ was aware of the Dr. Tyson's treatment of Plaintiff and extensively reviewed the treatment records, there was no error in failing to mention every conclusion or adopt every opinion in those notes.

### 2. Ms. Oliphant

Nor did the ALJ err in her assessment of the one-paragraph, open-letter opinion of Plaintiff's case worker at American Work, Inc., Ms. Oliphant, that Plaintiff has trouble concentrating and has various other mental and physical impairments. The ALJ acknowledged Plaintiff had a caseworker but also correctly determined that Ms. Oliphant's opinion did not establish disability. According to the social security regulations, the only sources "who can provide evidence to establish an impairment" are licensed physicians (medical or osteopathic doctors), licensed or certified psychologist, licensed optometrists, licensed podiatrists, and qualified speech pathologists. 20 C.F.R. §§ 404.1513(a) & 416.913(a). Although the record is not entirely clear on the exact qualifications of Ms. Oliphant, even if the Court assumes that she is a licensed social worker, the opinion of a licensed social worker is not a "medical opinion." Tilley v. Colvin, No. 4:13-cv-01869, 2014 WL 7365863, at *4 (N.D. Ala. Dec. 24, 2014).

### 3. Dr. Millen

Finally, Plaintiff asserts that the observation of Dr. Millen during a one-time consultative examination of "large swelling over the dorsum of the right foot," (R. 396), shows that Plaintiff cannot return to her past work as a housekeeper. The ALJ acknowledged Dr. Millen's report, but gave this one-time examiner's opinion little weight based on the absence of support for findings of significant impairment, noting that the report appeared to rely heavily on Plaintiff's own subjective reports. R. 28-29. Indeed, Dr. Millen himself noted more than once that "[n]o records [were] available for further evaluation," including after the assessment of right foot swelling and pain. R. 396. Given that the ALJ acknowledged Dr. Millen's consultative examination and provided reasons for giving the evaluation "minimal weight," (R. 29), and in the absence of any legal authority from Plaintiff explaining how a one-time observation of swelling on Plaintiff's right foot prevented her from returning to her past work, the Court does not find that the ALJ erred in her treatment of this expert opinion.

### B. The ALJ Properly Analyzed Plaintiff's Subjective Complaints of Pain.

Plaintiff also appears to argue the ALJ erred in assessing credibility, suggesting a proper assessment would have resulted in a finding that she could not return to her past relevant work. Pl.'s Br., p. 7. This argument is more difficult to decipher than the argument related to weighing expert opinions because in addition to citing no legal authority in support, the brief does little more than cite inconsistencies in Plaintiff's own submissions to the administrative record. Indeed, the ALJ relied on many of these inconsistencies to discount Plaintiff's credibility in the record. R. 27-29. Thus, Plaintiff appears to argue that the ALJ erred by doing the very things required under Eleventh Circuit case law to weigh a claimant's credibility. As Plaintiff states in

her brief, these inconsistencies "should have been a clue to something." Pl.'s Br., p. 7. Indeed, as discussed below, the inconsistencies were a clue to a credibility problem identified and properly explained by the ALJ.

### 1. The Standard for Evaluating Subjective Complaints of Pain.

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (citing 20 C.F.R. § 404.1529(c)(4).)

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the

Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[2] As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted). As explained below, the ALJ properly conducted the Holt analysis and reached the conclusion that Plaintiff's medically determinable impairments could possibly cause the alleged symptoms, but her subjective complaints concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible for the numerous reasons set forth the ALJ. R. 27-29.

### 2. The ALJ Thoroughly Discussed and Properly Discredited Plaintiff's Subjective Complaints.

As explained by the Commissioner in her brief, the ALJ offered numerous reasons for discounting Plaintiff's credibility. Comm'r's Br., pp. 7-9. In her brief, Plaintiff herself highlights some of the inconsistencies in the presentation of her evidence. For instance, Plaintiff suggests the ALJ should have recognized "a clue to something" when Plaintiff wrote her birthday on the line provided for identifying the date she filled out a functional report. Pl.'s Br., p. 7 (citing R. 347). Plaintiff does not identify what that "something" might me, but perhaps it was the "inattentiveness" identified in a psychological evaluation dated August 27, 2011. R. 74, 77, 79. Plaintiff argues that her knee surgery shows she is unable to return to work as a

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

housekeeper, but as the ALJ noted, despite Plaintiff's claim at the hearing that it had been recommended she have total knee replacement surgery, (R. 48), no evidence in the record supports the assertion. R. 27. Recent x-rays did not show any significant problems with Plaintiff's knees, and a recent medication list did not include pain medication. R. 27, 375, 395.

To the extent Plaintiff complains about the ALJ's assessment of the alleged side effects of her medication, (Pl.'s Br., p. 8), the position is without merit. The ALJ acknowledged Plaintiff's assertion that her medicine affected her ability to concentrate, but the ALJ also pointed out Plaintiff's conflicting assertion that the medicine helped her to focus and stay calm. R. 25, 49, 60. The burden is on a claimant to prove she is disabled, and she must introduce evidence supporting a claim that her alleged symptoms, including medicinal side effects, make her unable to work. Walker v. Comm'r of Soc. Sec., 404 F. App'x 362, 366 (11th Cir. 2010) (citing Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003)). Plaintiff presented no such evidence at the hearing, or in her current briefing, and the record as thoroughly reviewed by the ALJ does not support any claim of disabling medicinal side effects, or show that the ALJ erred in her assessment of Plaintiff's alleged side effects. See Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 904 (11th Cir. 2011) (collecting cases explaining ALJ not required to elicit testimony on alleged side effects of medications in cases where there is no evidence showing medicine causes side effects, including where record did not disclose concerns from doctors about side effects). Indeed, the conflicting information presented by Plaintiff as to whether her medicine helped or hurt her ability to function was yet another example of a credibility problem identified by the ALJ.

The ALJ also noted that Plaintiff testified she could only stand or walk ten minutes and must remain in bed for most of the day, (R. 27, 48), but she told Dr. Millen she could stand for

13

fifteen minutes at a time and self-reported that she can go shopping for two to three hours at a time. R. 350, 396. Plaintiff testified that she has to walk with a cane, (R. 59), but she did not indicate she used a cane on her self-completed Function Report, (R. 353), or during her examination with Dr. Millen, (R. 396, 399). In any event, to find that a hand-held assistive device, such as a cane, is medically required, "there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). Moreover, "SSR 96-9p requires more than generalized evidence of a condition that might require a cane. It requires 'medical documentation *establishing the need* for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed.'" Staples v. Astrue, 329 F. App'x 189, 191 (10th Cir. 2009) (quoting SSR 96-9p). Plaintiff does not point to any evidence showing that her use of cane is medically necessary.

To the extent Plaintiff also suggests that her mental impairments are so severe as to prevent her from returning to her past work as a housekeeper, as discussed extensively above, the records of Dr. Tyson do not support functional limitations of the severity claimed by Plaintiff. Moreover, although not mentioned in Plaintiff's briefing, the ALJ also discussed and relied upon the opinions of two state agency doctors who reviewed Plaintiffs' records, Michael Hartman, M.D., and George Grubbs, Psy.D, to determine Plaintiff is not disabled. R. 28 (citing Exs. 5A & 6A). Both doctors determined that Plaintiff had an RFC for light work, (R. 192, 207), a finding also made by the ALJ. R. 24. These opinions must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review. SSR 96-6p, 1996

WL 374180, at *1. The record is also replete with other medical records that were reviewed and relied upon by the ALJ, but which Plaintiff does not acknowledge, let alone discredit, in her attempt to focus on only the portions of the record highlighting her alleged functional limitations. R. 25-29.

In sum, Plaintiff's piecemeal attack on select factual findings by the ALJ without acknowledgment of the thorough and sifting reviewing of the evidence in this case does not show that the ALJ erred in assessing Plaintiff's credibility and does not establish any basis for remand.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 20th day of October, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA